(No. 39830.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LARRY CHARBERT HAYES, Appellant.

*Opinion filed November 30, 1967.*

WARD, J., took no part.

LARRY CHARBERT HAYES, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED

G. Leach, Assistant Attorney General, and Elmer C. Kissane and Daniel W. Weil, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

On January 31, 1963, Larry Charbert Hayes pleaded guilty to charges of armed robbery and burglary, and was sentenced to imprisonment for a term of five to ten years. On April 2, 1964, he filed *pro se* the present post-conviction petition in which he alleges in effect that the plea of guilty was coerced by police brutality, that he was incompetent at the time, as a result of the beatings by police, and that his attorney was negligent and did not faithfully serve his interests. The State moved to dismiss the petition, and after a hearing the court sustained the motion and "denied" the petition. The defendant appeals.

It appears that the alleged acts of police violence took place some six weeks before the plea of guilty was made, that defendant was represented by counsel of his own choice, and that the court explained the meaning of the plea of guilty. No facts are alleged to overcome the presumption that defendant was competent to plead. No affidavit, record, or other evidence is attached in support of the allegations, as required by section 122—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1963, chap. 38, par: 122—2), nor is there any statement explaining why the same is not attached.

Defendant seeks to avoid shortcomings in the petition by urging a "liberal" construction in view of his lack of education and training. We think, however, that the cause must be remanded for other reasons, since the record fails to adequately show an appointment of counsel in these proceedings. The petition itself, awkwardly lettered by hand in pencil, contains much misspelling of words, and in general indicates it was prepared by someone of little educa-

tion. It was accompanied by a motion for an appointment of counsel stating in effect that the petitioner is unable to represent himself properly and that he has no funds with which to engage an attorney. It is provided by section 122—4 that "If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." (Ill. Rev. Stat. 1963, chap. 38, par. 122—4.) In the case at bar we find no order appointing counsel nor has the State suggested when or how an appointment was made or who was appointed. The record contains little to indicate the presence of an attorney active on defendant's behalf. Thus no motions appear for leave to amend or supplement the petition, or for continuance to obtain affidavits or other forms of evidence. The only indication that someone had been appointed is a recitation in the order appealed from: "And the court hearing counsel for said Petitioner, Larry Charbert Hayes, in support of said Petition * * *." We think something more is required expressly showing what ruling, if any, was made on the motion for appointment of counsel.

The order of dismissal is reversed and the cause is remanded to the circuit court of Cook County with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. Justice WARD took no part in the consideration or decision of this case.