(No. 40559.—

The People of the State of Illinois, Appellee, *vs.* Eldon Hunt, Appellant.

*Opinion filed January 19, 1968.*

John C. Weinman, of Decatur, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

In 1964 the petitioner, Eldon Hunt, entered a plea of guilty in the circuit court of Macon County to an indictment charging him with the crime of indecent liberties with

a child, and was sentenced to the penitentiary for a term of not less than 1 nor more than 20 years. In 1966 he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, art. 122) which was denied without an evidentiary hearing. The case is here on appeal from the judgment dismissing the petition.

For the reasons stated in this opinion we do not reach the question of whether the allegations of the petition were sufficient to require a hearing. In his affidavit accompanying the post-conviction petition which was filed July 5, 1966, the petitioner stated that he had insufficient funds to pay for counsel to represent him. In a letter dated July 18, which was filed in the office of the clerk of the trial court on July 27, the petitioner stated that he was not sure that he had made himself clear in letting it be known that he wanted counsel appointed to represent him when his petition came before the court for a hearing. In that letter he made a formal request for the appointment of counsel in accordance with section 122—4 of the Code of Criminal Procedure. On July 28 the court entered the order dismissing the petition. Counsel was not appointed for petitioner.

The Post-Conviction Hearing Act requires the appointment of counsel if the petitioner is without means to procure counsel and states that he wishes counsel to be appointed. We have recently held that a post-conviction judgment entered in the absence of counsel after a request for counsel had been made could not be permitted to stand. *People* v. *Hayes,* 38 Ill.2d 329, November Term, 1967.

The affidavit and petitioner's letter constituted a sufficient statement of indigency and a request for counsel, and the trial court erred in entering judgment without appointing counsel to represent the petitioner. The judgment of the circuit court of Macon County is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*