(No. 40482.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HARLEY BUTLER, Appellant.

*Opinion filed September 24, 1968.*

CHARLES W. PHILLIPS, of Ridgway, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JAMES G. GULLETT, State's Attorney, of Elizabethtown, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

On November 14, 1961, petitioner Harley Butler was found guilty of burglary by a jury in the circuit court of Hardin County, and sentenced to 10 years to life imprison-

ment. On October 11, 1965, petitioner filed a *pro se* notice of appeal and motion for leave to appeal which were denied by this court. On September 29, 1966, petitioner filed a *pro se* post-conviction petition in the trial court which was accompanied by a motion that he be allowed to proceed *in forma pauperis* and that counsel be appointed to represent him in that proceeding. The gist of that petition was that he was denied due process in that his trial attorney was prevented by law enforcement authorities from having pretrial interviews with an accomplice who testified for the State at petitioner's trial. This accomplice was held in custody before and during the trial. On December 19, 1966, the trial court, without appointing counsel, denied petitioner's post-conviction petition and found that our dismissal of the petitioner's motion for leave to appeal was *res adjudicata* as to petitioner's request for a post-conviction hearing. The present appeal is from that dismissal.

Remandment is necessary because of the trial court's failure to either appoint counsel as requested, or find that the petitioner had sufficient means to procure counsel. In *People* v. *Polansky,* 39 Ill.2d 84, we stated: "Our post-conviction statute (Ill. Rev. Stat. 1965, chap. 38, par. 122—4) provides in part: 'If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel.' This statute is clearly phrased in mandatory terms so long as the court is satisfied that the defendant has no means to procure counsel, * * *. The evident legislative purpose in requiring counsel for the indigent petitioner and permitting amendment of the petition is to provide a means whereby a petitioner with meritorious post-conviction claims will have the assistance of counsel in drafting a legally sufficient petition or amendments thereto. Dismissal

of insufficient *pro se* petitions without appointment of counsel, where properly requested, thwarts the legislative purpose and creates due process problems (*Gideon* v. *Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. '792; see also *Hamilton* v. *Alabama,* 368 U.S. 52, 7 L. Ed. 2d 114, 82 S. Ct. 157; *White* v. *Maryland,* 373 U.S. 59, 10 L. Ed. 2d 193, 83 S. Ct. 1050)  *  *  *." 39 Ill.2d at 86-87; *People* v. *Hunt,* 39 Ill.2d 107; *People* v. *Hayes,* 38 Ill.2d 329.

Although our earlier order denying the petitioner's *pro se* motion for leave to appeal does not so state, it is clear that it was predicated upon the untimeliness of the motion, made almost four years after conviction, and, consequently, too late to permit direct appeal. (Ill. Rev. Stat. 1965, chap. 38, par. 121—4.) However, the Post-Conviction Hearing Act provides an original and independent remedy to investigate the existence of a substantial denial of a prisoner's constitutional rights (*People* v. *Wakat,* 415 Ill. 610), and we hold that the post-conviction petition was not barred by our dismissal of the untimely attempt to take a *pro se* appeal.

The judgment of the circuit court of Hardin County is reversed and remanded. Upon remand the court will determine petitioner's indigence, and, if found indigent, counsel will be appointed to assist petitioner in such further proceedings as may be appropriate.

*Reversed and remanded, with directions.*