THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN BUFORD, JR., Defendant-Appellant.

(No. 56571;

First District—March 7, 1972.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from a denial of a hearing under the Post-Conviction Hearing Act.[1] Appellant contends that the trial court erred in denying him a hearing "merely because the direct appeal was dismissed by the Supreme Court for untimely filing."

Appellant was convicted of the offense of murder on March 11, 1966. Appellant retained private counsel to prosecute an appeal to the Illinois Supreme Court. The Supreme Court dismissed the appeal on May 28, 1968 for untimeliness. Appellant's attorney caused the appeal to be reinstated on June 26, 1968. The appeal was again dismissed by the Supreme Court on December 12, 1968. Appellant then filed two successive *pro se* petitions seeking reinstatement of his appeal which were denied on January 16, 1969, and March 12, 1969. Appellant filed a *pro se* post-conviction petition on June 12, 1969. The public defender was subsequently appointed to assist appellant in the post-conviction proceedings. The State made a motion to dismiss the petition. Following a hearing on the motion the court dismissed the petition on August 20, 1970.

The Act provides that:

"Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or the State of Illinois or both may institute a proceeding under this Article."

Appellant alleged that his privately retained counsel failed to timely file the trial record, briefs, and abstracts on appeal to the Supreme Court thereby causing him to lose his right to appeal. The allegation does not pertain to the proceedings which resulted in his conviction and, therefore, is not reviewable under the Act. *People v. Cornwall* (1971), 3 Ill. App.3d 943, 277 N.E.2d 766. The judgment of the trial court is affirmed.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*