The People of the State of Illinois, Plaintiff-Appellee, *v.* Theodore Smith, Defendant-Appellant.

(No. 56840;

First District—October 4, 1972.

*Rehearing denied November 1, 1972.*

Howard T. Savage, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Theodore Smith, was indicted for the crime of rape. Following a bench trial in the Circuit Court of Cook County, the defendant was found guilty and sentenced to the Illinois State Penitentiary for a period of not less than four nor more than seven years.

The issues presented on appeal are: (1) whether the defendant has been denied due process of law by the trial court's refusal to grant a further continuance to the defendant in order that he might secure the attendance of a certain witness for his trial; and (2) whether the defendant was proven guilty of rape beyond a reasonable doubt.

Miss Shirley Johnson testified that on April 25, 1968, she was walking in the vicinity of 70th Street and Merrill Avenue in Chicago when she was approached by the defendant, Theodore Smith, who asked if he could walk her home. Miss Johnson refused, but the defendant continued to walk with her. Upon reaching the corner of 70th Street and Paxton, the defendant put his hand in his pocket and threatened to blow Miss Smith's head off if she did not come with him. He then pushed her down 70th Street to a building located at 2226 East 70th Street. At this point the defendant forced Miss Johnson into a first floor apartment, whereupon he told her he wanted to have sexual relations with her and offered her some money. When Miss Johnson refused his offer and began to cry, the defendant threatened her with a butcher knife and forced her to remove her clothes.

After removing her clothes, the defendant allowed Miss Johnson to enter the bathroom where she raised the window in an attempt to escape, only to fail in her attempt because she could not remove the screen from the window. The defendant then entered the bathroom and forced Miss Smith into a bedroom where he forced her to engage in sexual intercourse. The defendant took her to another bedroom where he again forced her to engage in sexual relations. Miss Johnson then attempted to escape but again, as in her first attempt, she failed because she could not unlock the door. Thereafter, the defendant returned with Miss Smith to the first bedroom and, after putting lotion on her body, engaged in a third act of sexual intercourse. The defendant then told Miss Smith she could leave. She left and went to her apartment. It was approximately 5:00 A.M. At her apartment Miss Smith told her roommate, Darnisha Pope, that she had been raped. Miss Pope testified at the defendant's trial that she called the police, who arrived shortly thereafter and took Miss Smith to Billings Hospital.

A witness called by the defendant, Albert Brady, testified to having

seen the defendant and a young lady walking down the street near the defendant's apartment at approximately 2:00 A.M. on the evening of April 25, 1968.

The defendant, Theodore Smith, testified in his own behalf. He stated that on April 25, 1968, at approximately 1:45 A.M., he was returning home from a lounge on 71st Street when Miss Johnson ran up to him crying. He asked her what was wrong and offered to buy her some coffee. Upon leaving a restaurant where Miss Smith had coffee and the defendant purchased some chicken gizzards, the defendant testified they walked north on Paxton to 70th Street. As they walked, Miss Johnson agreed to engage in some sexual activity for $19.00. The pair then went to the defendant's apartment, where they ate. While Miss Johnson was in the washroom, the defendant looked through her purse and observed an Illinois State Mental Hospital card. Smith, upon seeing this card, decided to humiliate her by offering her only $4.00 and asking her to leave. The defendant testified she then left.

At the trial, the defense and the State stipulated that a report by Dr. Young Roc Kim of Billings Hospital be admitted as evidence. The findings in the report by Dr. Kim were that a vaginal smear taken from Miss Johnson on April 25, 1968, at approximately 5:00 A.M., proved negative for human spermatozoa. At the trial, it was also stipulated by both the defense and the State that a police report and a Chicago Crime Laboratory report which revealed the presence of human spermatozoa would be admitted into evidence.

At the end of the trial the court found the defendant, Theodore Smith, guilty of rape and pronounced sentence. The defendant herein appeals from those findings.

The first issue presented for review is whether the trial court erred, and thereby denied the defendant his constitutional right to due process of law, by its refusal to grant a further continuance so that the defendant might secure the attendance at trial of a certain witness.

The defendant contends the trial court's refusal to grant the defendant a further continuance was error. The basis for this contention by the defendant is his assertion that the testimony of Dr. Young Roc Kim, the physician who examined Miss Johnson at Billings Hospital following her encounter with the defendant, was a most necessary element of the defendant's case. The reason Dr. Kim's testimony was desired by the defendant was the fact that a vaginal smear taken from Miss Johnson by Dr. Kim soon after the police brought her to Billings Hospital proved negative for human spermatozoa. The defendant, therefore, wished to call Dr. Kim, then residing out of state, in order that his testimony might be heard by the court and, thereby, be a basis for the defendant to refute

the rape charge. Since Dr. Kim's attendance could not be secured for trial without a further continuance, the defendant contends his constitutional right to due process of law was denied in the trial court's refusal to grant a further continuance.

██ After a thorough examination of the record, we find the defendant's contention to be without merit. The record reflects that, although Dr. Kim did not testify at trial, a report of his findings of his examination of Miss Johnson was admitted into evidence by stipulation of both the defendant's own counsel and the State. Furthermore, the record also reflects a certificate directing Dr. Kim to attend the defendant's trial set for April 2, 1970, had been issued on an earlier occasion; the trial, however, was continued by agreement of both parties from April 2, 1970, to May 18, 1970. It was on May 18, 1970, the trial court refused to grant a further continuance solely for the purpose of securing Dr. Kim's attendance. In light of this fact, and also because Dr. Kim's report was received by the trial court as evidence, we reject the defendant's contention that his constitutional right to due process of law was violated by the trial court's refusal to grant a further continuance.

The second issue presented for review by the defendant is whether he was proven guilty of rape beyond a reasonable doubt.

The defendant contends the State did not fulfill its burden of proving him guilty of rape beyond a reasonable doubt. The basis for the defendant's contention is his assertion that the State failed to show his actions were forcible and contrary to the will of the complaining witness, Miss Johnson.

██ We do not accept the defendant's contention as valid. It is well settled that in order to warrant a conviction for rape, the State must prove not only the rape was committed but also the acts performed were forcible and against the will of the complaining witness. (*People v. Boatman* (1972), 3 Ill.App.3d 652.) The degree of force exerted by the defendant and the amount of resistance required on the part of the complaining witness depend on the facts of a particular case. In *People v. Smith* (1965), 32 Ill.2d 88, the court pointed out:

> "There is no definite standard fixing the amount of force required and each case must be considered on its own facts. It is the general rule that if the female has the use of her faculties and physical powers the evidence must show such resistance as will demonstrate that the act was against her will. However, resistance is not necessary under circumstances where resistance would be futile and would endanger the life of the female, nor where she is overcome by superior strength or paralyzed by fear."

██ Turning to the facts of the instant case, we necessarily come to the

conclusion that the complaining witness was faced with more than the requisite force necessary to make any resistance on her part futile and dangerous to life. When the defendant first began walking on the street with Miss Johnson, he held his hand in his pocket and threatened to blow her head off if she did not come with him. In his apartment later, the defendant threatened her with a knife when she refused to remove her clothes. The defendant also told her numerous times he was going to kill her. Even in light of these numerous forcible threats by the defendant, the complaining witness twice attempted to escape: once while in the defendant's bathroom, and once when she was unable to unlock the door to the apartment. Based on the facts of the instant case, we conclude the State more than adequately proved the defendant's actions were forcibly performed and contrary to the will of the complaining witness. We therefore reject the defendant's contention that he was not proven guilty beyond a reasonable doubt.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.