(No. 42833.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JESSE OWENS, Appellant.

*Opinion filed May 21, 1973.*

WARD, J., took no part.

JAMES D. MONTGOMERY, of Chicago (DAVID LOWELL SLADER, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and C. BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES E. STARUCK, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Jesse Owens, appeals from the judgment of the circuit court of Cook County dismissing without an evidentiary hearing his amended petition filed pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*).

Following a bench trial, petitioner was convicted of the rape and aggravated kidnapping of Lucy Lugo and the aggravated kidnapping and armed robbery of Raymond Goveia and sentenced to concurrent terms of not less than 30 nor more than 40 years in the penitentiary on each offense. No appeal was taken from the convictions involving Goveia. The judgment of conviction for the rape and aggravated kidnapping of Lucy Lugo was affirmed on appeal (*People v. Owens, 133 Ill. App. 2d 44, 272 N.E.2d 858*), and we denied leave to appeal. The facts are reviewed in detail in the opinion of the appellate court and will be repeated here only to the extent necessary to the discussion of the issues presented in this appeal.

The allegations of violations of his constitutional rights with respect to which petitioner contends that he

was entitled to an evidentiary hearing are (a) that his in-custody identification as the perpetrator of the crimes was made under impermissibly suggestive circumstances; (b) that a search of his apartment without a search warrant violated his constitutional rights and certain evidence thus obtained was the tainted fruit of the unlawful search; and (c) that certain erroneous rulings on the admissibility of evidence at his trial were not, beyond a reasonable doubt, harmless error.

The record shows that the trial court denied an evidentiary hearing on petitioner's allegations concerning the allegedly improper in-custody identification on the ground that *United States v. Wade, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926,* and *Gilbert v. California, 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951,* apply only prospectively and petitioner was convicted prior to their decision. Although it is true that ordinarily *Wade* and *Gilbert* do not apply retroactively, the allegations of the post-conviction petition are sufficient to raise the issue of whether, under the totality of the circumstances surrounding the identification, it was so improperly suggestive as to deprive petitioner of his constitutional right to due process of law. *People v. Blumenshine, 42 Ill.2d 508, People v. Lee, 44 Ill.2d 161.*

It does not follow, however, that the denial of an evidentiary hearing requires reversal of the judgment, for the rule is well established that "Upon a motion to dismiss a post-conviction petition, the trial court may properly render its decision on the basis of 'what is contained in the pleading to which the motion is directed, read *** in conjunction with the transcript of proceedings at the trial. *People v. Hamby, 39 Ill.2d 290, 294.'* " *People v. Slicker, 42 Ill.2d 307, 308.*

Petitioner argues correctly that "A remand for a hearing can be dispensed with only if this court can determine from the record before it, first, that the State has established 'by clear and convincing evidence that the

in-court identifications were based upon observations of the suspect independent of the [illegally obtained] identification,' *United States v. Wade, 388 U.S. at 240;* and second, that the admission of any identification not so independently predicated, plus the corroborating testimony of Lucy Lugo and Raymond Govia [*sic*] of their tainted station-house identification, either did not contribute to the conviction, *Chapman v. California, 386 U.S. 18, 87 S. Ct. 824 (1967),* or constituted harmless error beyond a reasonable doubt, *Gilbert v. California, 388 U.S. 263, 87 S. Ct. 1951.*"

The testimony shows the procedures followed at the police station to have been unnecessarily suggestive in that the witnesses viewed petitioner while he was handcuffed and in the custody of police officers, but it is apparent that the in-court identifications of the petitioner by Miss Lugo and Goveia were based on their observation during the lengthy period that he held them captive and not on what occurred at the police station. The identification by Miss Lugo's brother, Joe, could not have been influenced by what took place at the police station for the obvious reason that he did not see petitioner there. Under the circumstances shown, the admission of the testimony of these witnesses did not serve to deprive petitioner of a substantial constitutional right. (*People v. Patrick, 53 Ill.2d 201.*) With respect to the testimony of Miss Lugo's father, Jimmy Lugo, the integrity of the identification is highly suspect, but in view of the testimony of the three witnesses about whose identification there is no question, we hold that any error in admitting the testimony of Jimmy Lugo was harmless beyond a reasonable doubt. (*Chapman v. California, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.*) The trial court did not err in denying petitioner an evidentiary hearing on this allegation.

We consider next petitioner's contentions arising from the allegedly unlawful search of his apartment. It is the People's position that the error, if any, was waived by

reason of the failure of trial counsel to move to suppress the unlawfully seized evidence. Petitioner argues that he had no prior knowledge of the invalid search, that his court-appointed counsel was improperly denied access to the testimony adduced before the grand jury and therefore was not aware of the unlawful search until he learned of it during the trial and that under these circumstances the failure to move to suppress the fruits of the search was not a waiver of objections based on the violation of his constitutional rights. We do not consider the question of waiver and elect to review the record and decide the issue on the merits.

An examination of the record shows that the search of the apartment in which petitioner resided was made without a search warrant and there is no evidence of exigent circumstances which would excuse obtaining a warrant. The record, however, shows beyond a reasonable doubt that any evidence obtained in the illegal search was either not offered in evidence or, if admitted, was harmless.

Petitioner's contention that the identity of the woman with whom he was living was made known by the illegal search and that his apprehension resulted solely from information obtained from her does not find support in the record. It is true that the record shows that the first identification of petitioner was made by Goveia from a photograph taken during the unlawful search of the apartment. This, however, does not affect the integrity of the in-court identification based upon Goveia's observation during the period that he was held captive. Assuming, *arguendo*, that absent Goveia's identification by means of the photograph petitioner was arrested without probable cause and the arrest was, therefore, invalid, the record fails to show that any prejudicial evidence was obtained as the result of the arrest. We need not and do not decide whether petitioner was prejudiced by the alleged refusal to furnish his attorney, before trial, with a copy of the

testimony before the grand jury, for the reason that the testimony before the grand jury was produced for trial counsel's use in cross-examination of the People's witnesses, and our examination of the transcript shows it to be consistent with the testimony at the trial.

For the reasons stated we hold that the trial court did not err in denying petitioner an evidentiary hearing, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.