THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THEODORE SMITH, Defendant-Appellant.

First District (3rd Division)   Nos. 76-110, 76-763 cons.

Opinion filed December 21, 1977.

Frederick F. Cohn, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Linda Dale Woloshin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Theodore Smith, the petitioner, was convicted of rape in a trial before the court without a jury and sentenced to imprisonment for a term of four to seven years. The appellate court affirmed the conviction (*People v. Smith* (1972), 8 Ill. App. 3d 36, 288 N.E.2d 694); petitions to the appellate court for a rehearing and to the Illinois Supreme Court for review were denied. Subsequently, the petitioner twice sought relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*). His first pro se petition, later amended and argued by appointed counsel, and his second pro se petition were dismissed. The petition, after consolidating these, appeals the dismissals.

The appeal brief, pro se post-conviction petitions and amended petition assert a variety of errors in pretrial, trial and post-trial proceedings, all of which, the petitioner claims, entitle him to an evidentiary hearing. The constitutional infringements the petitioner alleges are: (1) that his arrest and arraignment were improper; (2) that at trial he was denied the right to confront his accuser; (3) that at several stages in the proceedings he was denied the right of compulsory process in that he was not granted continuances to secure the presence of certain witnesses; (4) that he was not proved guilty beyond a reasonable doubt; (5) that perjury was committed in front of the grand jury, at his preliminary hearing and at trial; (6) that the trial judge discriminated against him on the basis of sex; and (7) that both his privately retained trial counsel and the court appointed counsel who amended and argued his post-conviction petition, rendered incompetent and inadequate assistance. The petitioner states the trial court erred in rejecting these contentions without conducting an evidentiary hearing. Under the Act such a hearing is not granted as a matter of course (*People v. Jones* (1977), 66 Ill. 2d 152, 157, 361 N.E.2d 1104, 1106), the trial court must scrutinize the post-conviction pleadings to determine whether the contentions put forth require a further and more complete presentation. (*People v. Airmers* (1966), 34 Ill. 2d 222, 215 N.E.2d 225; *People v. Derengowski* (1970), 44 Ill. 2d 476, 256 N.E.2d 455.) A dismissal may be based on the pleadings along with the transcript of the trial and other proceedings.

*People v. Derengowski* (1970), 44 Ill. 2d 476, 478-79, 256 N.E.2d 455, 457; *People v. Morris* (1969), 43 Ill. 2d 124, 128, 251 N.E.2d 202, 204.) A comparison of the pleadings, trial record and other documentation demonstrates that, in this case, the petitions were properly denied without an evidentiary hearing.

■■ The Post-Conviction Hearing Act is a supplemental remedy providing redress for errors in convictions which are a substantial denial of the petitioner's constitutional rights (*People v. Newberry* (1973), 55 Ill. 2d 74, 302 N.E.2d 34); it is not a vehicle to redetermine guilt or innocence (*People v. Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378); or a method to reargue points already reviewed in a direct appeal. As explained in *People v. Adams* (1972), 52 Ill. 2d 224, 225, 287 N.E.2d 695, 696:

" '[W]here a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all issues which could have been presented to the reviewing court, if not presented, are waived.' "

Only when the doctrines of *res judicata* and waiver would be manifestly inconsistent with the principles of fundamental fairness will there be an exception to their application. *People v. Weaver* (1970), 45 Ill. 2d 136, 256 N.E.2d 816; *People v. Keagle* (1967), 37 Ill. 2d 96, 224 N.E.2d 834; *People v. Hamby* (1965), 32 Ill. 291, 205 N.E.2d 456.

■■■ In the direct appeal the court held that the Constitution was not violated by the trial court's denial for a continuance to secure a witness at trial and that the evidence at trial proved guilt beyond a reasonable doubt. (*People v. Smith* (1972), 8 Ill. App. 3d 36, 288 N.E.2d 694.) These contentions, now reasserted in the post conviction petitions, are *res judicata*. Other arguments—the denial of a motion for a continuance to secure a witness at a pretrial proceeding, denial of the right to confrontation, and the discrimination charge—are not based on claims that they were unavailable to the petitioner at the time of his direct appeal, or that his efforts to present them at the trial or on direct appeal were thwarted by his counsel or others. (*People v. Frank* (1971), 48 Ill. 2d 488, 272 N.E.2d 25; *People v. Keagle; People v. Hamby*.) Since these arguments could have been raised on appeal and were not, they have been waived by the petitioner. Further, these waived contentions fail to present cognizable errors on their face; they are allegations unaccompanied by affidavits or any other extrinsic support, made without a showing of substantial constitutional violations. Some are contradicted by the record. Such contentions are not covered by the Post-Conviction Hearing Act. (*People v. Orndoff* (1968), 39 Ill. 2d 96, 98-99, 233 N.E.2d 378, 380.) For example, assertions of prejudice because of improper arrest and arraignment methods pertain to statutory, not constitutional,

irregularities. (*People v. Orndoff* (1968), 39 Ill. 2d 96, 98-99, 233 N.E.2d 378, 380.) The petitioner's claim that the trial court discriminated against him because of his sex is solely based upon the judge's comment that he believed the victim's testimony instead of the petitioner's version of the crime. His claim of denial of compulsory process at the pretrial hearing is contradicted by the transcript, which records no denial. The petitioner argues that he was not able to confront a witness who gave evidence against him. Yet, the now-questioned evidence was entered into the record by stipulation; furthermore, the trial court, in its finding of guilt, explicitly disclaimed reliance on this evidence.

■■ The stipulation forms the basis of the petitioner's claim that his privately retained trial counsel rendered ineffective assistance. He contends that incompetence is shown by the attorney's agreement to enter into evidence a hospital report of a doctor's examination of the victim indicating no trauma and no sperm and a report from the Chicago Crime Laboratory showing the presence of sperm. The record shows the stipulation to be of no consequence in the verdict. But we note that even if the stipulation was the corroborative evidence which convinced the trier of fact to convict the petitioner, the agreement to the stipulation, never protested by the petitioner at trial or on appeal, would not demonstrate incompetence. Ineffective assistance is more than the failure of a tactical choice which has been highlighted by the clarity of hindsight. (*People v. Palmer* (1964), 31 Ill. 2d 58, 198 N.E.2d 839.) In a post-conviction proceeding, the propriety of the question depends on the vigor of the petitioner himself in bringing notice of deficiency or disagreement to trial counsel's attention. *People v. Garrett* notes, "once a defendant has been found guilty, his attorney's advice will, in retrospect, undoubtedly appear to have been bad advice." (26 Ill. App. 3d 786, 804, 326 N.E.2d 143, 156.) Sound reasons existed for the stipulation. Most obvious of these was the entry into evidence of a document supportive of the petitioner's defense—the hospital report—when the doctor who wrote the report was unavailable to testify. Agreeing to the stipulation does not come close to the legal test of ineffective assistance. We find the petitioner by his direct appeal waived the issues thus far discussed. Fundamental fairness does not require us to relax the application of the waiver doctrine to order an evidentiary hearing.

■■ Petitioner's final contentions concern alleged perjury—at all phases of the proceedings—and the inadequacy of the representation of the public defender appointed by the court to assist him in presenting the post-conviction petitions. The claims of perjury at the grand jury and pretrial proceedings, made for the first time in the appellate brief, are merely characterizations of testimony unsupported by documentation. As with his other contentions, these allegations are argued solely from

information contained in the record or information known to the petitioner at the time of the direct appeal. These contentions have been waived. *People v. Derengowski* (1970), 44 Ill. 2d 476, 256 N.E.2d 455.

Petitioner submits several affidavits which he claims illustrate perjury by the victim at trial; even though the affidavits contradict only peripheral parts of her testimony, since credibility was the major factor considered by the trial court in deciding guilt, proof of such alleged perjury might well have affected the trial's outcome. However, comparison of the affidavits to the trial record demonstrates that what has been characterized by the petitioner as new evidence is, in reality, information which he possessed at the time of trial but never used. The petitioner cannot now complain of perjury, which if it took place, he could have proved at trial. (*People v. Orndoff* (1968), 39 Ill. 2d 96, 100, 233 N.E.2d 378, 381.) Where the petition is not based upon matters collateral to the record, and the transcript negates the petitioner's contentions, the petitioner is not entitled to an evidentiary hearing.

The affidavit of Vernon Slaughter, which supports the petitioner's trial testimony that petitioner and the victim spent part of the evening together at a diner, describes a conversation that took place there between Slaughter and petitioner. The victim denied being at the diner that night. The affidavit, if taken as true, shows that the petitioner and Slaughter discussed the diner encounter before and after the trial but the petitioner "did not ask him to come down and [*sic*] testify." Further, the petitioner testified extensively at trial, describing at length the occurrences prior to the rape, including a long discourse about the visit to the diner, without ever mentioning the meeting with Slaughter.

The affidavit of George Sides, who once lived with the petitioner in the apartment where the crime occurred, describes the bathroom window of the apartment as painted shut, with no screen covering it. This information is in direct conflict with the victim's testimony that in an escape attempt she raised the bathroom window but was unable to push out its screen. But the affidavit shows Sides abandoned his residence at the apartment several months prior to the rape; he does not state he knew the condition of the window at the time of the rape. Petitioner testified at trial to the specific facts contained in the affidavit; the affidavit adds no new evidence but is merely a belated attempt to buttress petitioner's trial testimony.

Finally, petitioner alleges the victim committed perjury by stating that prior to meeting him she had been at the "Famous Lounge," located at 71st and Clyde. The petitioner offers several letters from various State authorities and his own affidavit as proof that no "Famous Lounge" existed. The letters confirm that there was no licensed establishment called the "Famous Lounge" at 7041 South Jeffrey in Chicago; the victim

never located the bar on Jeffrey. The petitioner's statement claims that at the time of the rape he, being familiar with the neighborhood, knew of no "Famous Lounge" in the area of 71st and Clyde. Yet the record discloses no attempt during the trial to impeach this aspect of the victim's story.

Since the record shows the perjury allegations in the petition to be nonmeritorious, an evidentiary inquiry at which the petitioner would attempt to substantiate them is not required. *People v. Jones* (1977), 66 Ill. 2d 152, 361 N.E.2d 1104; *People v. Owens* (1973), 54 Ill. 2d 286, 296 N.E.2d 728.

The petitioner claims that the counsel appointed to assist him with his post-conviction pleadings did not meet the sixth amendment standard of effective representation. The major thrust of the argument is that the attorney failed to fully investigate the claims set out in the pro se petition and to consult with the petitioner concerning the materials necessary to prevail on the contentions. He characterizes the public defender's argument at the post conviction hearing as "eddies and ramblings."

■■ An appointed counsel has the duty to investigate the contentions involved in petitions and cogently present them. (*People v. Ashley* (1966), 34 Ill. 2d 402, 216 N.E.2d 126.) Our analysis shows this has been done. The perjury complained of by the petitioner could not be substantiated by further investigation; such an effort would serve no purpose. (*People v. Ashley* (1966), 34 Ill. 2d 402, 412, 216 N.E.2d 126, 131.) There is no obligation on the part of an appointed counsel to argue every conceivable issue. As noted in *People v. Frank*, "[i]t is not incompetence for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong." (48 Ill. 2d 500, 505, 272 N.E.2d 25, 28.) We have reviewed the record of the post-conviction proceeding, including the affidavit of the appointed counsel stating he had examined the record and consulted with the petitioner concerning the petitions. The attorney's argument at the hearing was adequate, cogently advocating the petitioner's claims; his efforts on behalf of the petitioner were competent and complete.

Judgment of the circuit court is affirmed.

Affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.