THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EDDIE HOWARD, Defendant-Appellant.

Third District    No. 80-337

Opinion filed April 8, 1981.

Thomas Iben, of Peoria, for appellant.


John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.


Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Eddie Howard, was indicted for two counts of burglary. After a jury trial in the circuit court of Peoria County, he was found guilty of one count and sentenced to a term of five years in the Department of Corrections. After the denial of his motion for leave to file late notice of appeal, defendant filed a post-conviction petition which the People moved to dismiss. After a hearing on the merits of the motion, the court dismissed the petition and defendant perfected the appeal at bar.

Defendant's petition alleged that he was denied his constitutional right to a fair trial due to the incompetence of his privately retained counsel. In support of this allegation, defendant contended that trial counsel failed to (1) object to certain prejudicial hearsay testimony; (2) call certain witnesses; and (3) file a notice of appeal after having been requested to do so by defendant. In granting the People's motion, the trial court dismissed the petition without a hearing on its merits.

Defendant was convicted on March 6, 1979, and trial counsel filed no post-trial motion nor notice of appeal. Accepting all well pleaded facts in the petition as admitted (*cf. Withers v. People* (1961), 23 Ill. 2d 131, 177 N.E.2d 203 (section 72 petition)), defendant requested his attorney to appeal his conviction but his request was never honored. On November 5, 1979, defendant filed a *pro se* notice of appeal and, at his request, this court moved to appoint the Office of the State Appellate Defender to perfect the appeal. After reviewing the record, the Appellate Defender moved for leave to file late notice of appeal but stated in its motion that it was of the opinion that no meritorious grounds for direct appeal were apparent on the record. On February 27, 1980, the motion was denied without a hearing or the filing of an *Anders* motion or brief.

Three weeks earlier, on February 6, 1980, defendant had filed a *pro se* post-conviction petition in the trial court. Counsel was appointed and the instant amended petition was filed and thereafter amended and appended with an affidavit of Diane Howard, one of the witnesses defendant alleged trial counsel failed to call. The affidavit was neither notarized nor signed. The People then amended their motion to dismiss which was subsequently granted.

■■■ The Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq*.) was designed to afford to the convicted an opportunity to

inquire into the constitutional integrity of the proceedings in which the judgment was entered and has been liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights. (*People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 280.) As a supplemental remedy limited to constitutional issues, it does not provide an opportunity for the redetermination of guilt or innocence of the petitioner (*People v. Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378) nor a method to reargue points which could have been or were reviewed in a direct appeal (*People v. Adams* (1972), 52 Ill. 2d 224, 287 N.E.2d 695).

In dismissing the petition, the trial court did not reach the merits of the three contentions of incompetence advanced by defendant. The court, in addressing the initial hearsay contention, held that the issue could or should have been raised on direct appeal. As noted earlier, a post-conviction petition is not a method to reargue points which could have been, or were, reviewed in a direct appeal; however, no direct appeal was here perfected. As noted by the court in *People v. Rose* (1969), 43 Ill. 2d 273, 279, 253 N.E.2d 456, 460-61:

> "The Post-Conviction Hearing Act provides a separate remedy, the availability of which is not contingent upon exhaustion of any other remedy. * * * The concept of *res judicata* clearly does not bar petitioners' claims here, since those claims have not been reviewed, and the present proceedings are timely. On the same basis, waiver does not bar assertion here of constitutional rights. While the petitioners have waived, by failure to appeal, those rights based on mere error in the trial, they are still entitled to assert those constitutional rights which the Post-Conviction Act is designed to protect and preserve. The essence of waiver was reiterated by this court in *People v. Ashley*, 34 Ill. 2d 402, 408: 'We have consistently held that where review *has once been had* by a writ of error, * * * any claim which might there have been raised, but was not, is considered waived.' (Emphasis added.) (See *People v. LaFrana*, 4 Ill. 2d 261, 266.) Thus, a party who fails to take an appeal, whether by careful choice, inadvertence, indigence, or as a result of fleeing the jurisdiction as here, may waive claims of error, but any right which may have existed to a post-conviction hearing on the constitutionality of imprisonment will reamain undiminished."

■■■ In the case at bar, defendant did not fail to take an appeal; rather, he was unsuccessful in his tardy attempt to do so. In *People v. Butler* (1968), 40 Ill. 2d 386, 240 N.E.2d 592, the petitioner had filed a *pro se* notice of appeal almost four years after his conviction. After his motion was denied, he filed a *pro se* post-conviction petition in the trial court. Noting the motion's denial was predicated upon its untimeliness, the court

held the petition was not barred by its dismissal of the untimely attempt to take the *pro se* appeal.

The *Butler* court specifically noted that the order of denial did not state untimeliness as its rationale. (*People v. Butler* (1968), 40 Ill. 2d 386, 388, 240 N.E.2d 592, 593.) This was again the case in a situation where, as here, the appellate defender stated in its motion for leave to file late notice of appeal that there were no meritorious grounds for the appeal. The court concluded:

> "The State contends that as a result of the denial of the defendant's motion for leave to file late notice of appeal (which contained a statement by defendant's counsel that no meritorious claim existed), Teague is collaterally estopped from asserting as error the associate circuit judge's vacation of his previous fitness hearing order. However, even if there had been a meritorious defense, the motion for leave to file late notice of appeal would have been denied as it was not timely filed. Supreme Court Rule 606 does not allow for late notice of appeal to be filed beyond six months after the expiration of the original time for filing notice of appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 606). In the instant case, the leave to file late notice of appeal was filed several years after Teague's conviction. Although this court's order denying the leave to file late notice of appeal does not state the reason for so doing, it is clear that it was denied because it was untimely. (See *People v. Butler* (1968), 40 Ill. 2d 386, 240 N.E.2d 592.) The defendant's statement found in his motion to the effect there were no meritorious grounds for appeal was not considered, and therefore collateral estoppel does not apply. Additionally, the dismissal of the defendant's motion has the same effect as the filing of no appeal at all, as there were no claims considered by the court. It has been held that res judicata does not bar a petitioner from seeking post-conviction relief for alleged constitutional errors when there is a failure to appeal, for whatever reason. (*People v. Rose* (1969), 43 Ill. 2d 273, 253 N.E.2d 456). By analogy, there should be no bar to seeking post-conviction relief when an appeal is dismissed for a procedural defect, such as untimeliness." *People v. Teague* (1980), 83 Ill. App. 3d 990, 993-94, 404 N.E.2d 1054, 1058, *appeal denied* (1980), 81 Ill. 2d 598.

In the case at bar, defendant's *pro se* notice of appeal was likewise filed after the six-month statutory period, and the court's denial of the subsequent motion for leave to file late notice of appeal likewise did not state untimeliness as its rationale. Under these circumstances, we find no bar to the consideration of defendant's first contention of incompetence.

Turning to the merits of that contention, we note that an evidentiary

hearing under the Act should be granted only if a petition makes a substantial showing of a constitutional violation and that conclusional allegations are not sufficient to require such a hearing. (*People v. Jones* (1977), 66 Ill. 2d 152, 361 N.E.2d 1104.) The denial of an evidentiary hearing does not necessarily require reversal as the trial court may render a decision upon the pleadings and transcript of proceedings at trial. (*People v. Owens* (1973), 54 Ill. 2d 286, 296 N.E.2d 728.) While in some situations incompetency of privately retained counsel cannot be raised as a constitutional issue in a post-conviction petition (see *People v. Clements* (1967), 38 Ill. 2d 213, 215, 230 N.E.2d 185, 186-87), the general rule is that an allegation of incompetency presents no constitutional question in a post-conviction proceeding unless the effectiveness of counsel was of such low caliber that it amounted to no representation at all and reduced the court proceedings to a farce or sham (*People v. McNeil* (1972), 53 Ill. 2d 187, 290 N.E.2d 602). Only if defendant has made a substantial showing of incompetence under this standard did the trial court err in dismissing his petition. We therefore consider the merits of defendant's contentions.

Defendant initially contends his trial counsel was incompetent for failing to object to testimony of inculpatory extrajudicial hearsay admissions of Edgar Hoskins, his co-defendant. The testimony in question was the indirect result of counsel's questioning each of two officers as to what the co-defendant had said after he was apprehended. The People's discovery response had indicated two different statements, one of which exculpated defendant. On redirect examination, the People elicited the second inculpatory statement. Counsel did object to this testimony but withdrew his objection when the People suggested he had "opened up" the subject.

■■ While counsel's decision to cross-examine the officers was certainly suspect, and may have been an erroneous judgment, we do not find that it rendered defendant's representation a nullity nor reduced the proceedings to a farce or sham. Competency is determined from the totality of counsel's conduct at trial, and errors in judgment or trial strategy do not establish incompetency. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677.) As we find counsel's decision to be such an error in judgment, defendant has not established incompetence of constitutional dimension.

Defendant's second contention was that trial counsel was incompetent as he failed to call co-defendant Hoskins and Diane Howard as witnesses. While an affidavit of Howard was attached to defendant's petition, it was neither notarized nor signed. The burden is on a post-conviction petitioner to support his allegations with affidavits, records, or other evidence which establishes a violation of constitutional rights. (*People v. Farnsley* (1973),

53 Ill. 2d 537, 293 N.E.2d 600.) As the unsigned affidavit is in the nature of a conclusional allegation, defendant has not established the requisite substantial showing of a constitutional violation.

Defendant's final contention is that trial counsel was incompetent as he failed to file a notice of appeal after being requested to do so. The Act provides an alternative remedy for substantial denials of constitutional rights "in the proceedings which resulted in his conviction * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 122—1.) Defendant's contention does not pertain to such proceedings and is thus not reviewable under the Act. *People v. Buford* (1972), 4 Ill. App. 3d 533, 281 N.E.2d 345, *cert. denied* (1973), 411 U.S. 933, 36 L. Ed. 2d 393, 93 S. Ct. 1905.

As defendant has not established a substantial denial of his constitutional rights, the trial court appropriately dismissed his petition.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.