THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL LOFTON, Defendant-Appellant.

Fifth District   No. 5—91—0395

Opinion filed August 6, 1993.

Robert Agostinelli and Joseph N. Ehmann, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Michael Lofton, was convicted of aggravated battery and armed violence in a jury trial in October 1983. The trial court entered judgment on the aggravated battery conviction and sentenced defendant to a term of 10 years' imprisonment. The trial court concluded that it could not enter a judgment for the armed violence conviction because it would have constituted improper double enhancement. Defendant appealed the conviction, and the State filed a motion in our supreme court requesting the court to issue a supervisory order. The supreme court granted the State's motion and directed this court to dismiss defendant's direct appeal of his conviction. The court further ordered that the cause be remanded so the trial court could enter a judgment on the armed violence conviction and sentence defendant for that offense. The order also directed the trial court to vacate the aggravated battery conviction on the principle of "one-act/one-crime." The trial court complied with the supervisory order and sentenced defendant to a 25-year term of imprisonment for the armed violence conviction. On direct appeal, this court affirmed the conviction and sentence for armed violence in a Supreme Court Rule 23 order (134 Ill. 2d R. 23) filed August 23, 1985. *People v. Lofton* (1985), 137 Ill. App. 3d 1169, 499 N.E.2d 183.

On May 22, 1989, defendant filed a post-conviction petition in the circuit court of St. Clair County, alleging ineffective assistance of appellate counsel. The petition stated that defendant's appointed counsel was ineffective for failing to raise a double-enhancement issue and for failing to challenge the more severe sentence imposed on defendant for the armed violence offense. After a hearing on defendant's petition, the trial court denied defendant's petition for post-conviction relief. Defendant now appeals that order.

The issue we now address is whether defendant was denied his right to effective assistance of counsel when his appellate attorney failed to challenge the 25-year prison sentence. As defendant correctly states, to prevail on a claim of ineffective assistance of counsel, a defendant must establish that counsel's representation fell below an

objective standard of reasonableness and there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.

Defendant argues that appellate counsel was ineffective because he failed to argue that section 5—5—4 of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—4) prohibited a trial court from sentencing defendant to 25 years' imprisonment for the armed violence offense. Section 5—5—4 states:

> "§5—5—4. Resentences. Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—4.

Defendant failed to raise the argument in his petition for post-conviction relief, thus providing the State with a credible argument that defendant waived the issue on appeal. We will, however, address the matter on its merits.

Defendant argues that the State's motion for a supervisory order by the supreme court and the supreme court's issuance of that order constituted a collateral attack on defendant's sentence. Defendant further argues that because the supervisory order directed the trial court to vacate defendant's aggravated battery conviction and 10-year prison sentence, he cannot be resentenced to the longer 25-year term of imprisonment for the armed violence offense which was based on the same conduct as the aggravated battery offense. We disagree. The purpose of the supervisory order issued by our supreme court was to correct the trial court's error of entering judgment and sentencing defendant on the lesser of two convictions (aggravated battery) while not entering judgment on the more serious offense of armed violence. Defendant's aggravated battery conviction and sentence were not vacated because he should not have been convicted of that offense. They were vacated because the trial court should have entered judgment and sentenced defendant on the greater offense of armed violence which arose from the same criminal conduct as the aggravated battery offense, thus precluding conviction and sentencing for both offenses. Simply stated, the trial court knew it could enter judgment

and pronounce sentence for only one of the two offenses, and it chose the incorrect one. As a result, the supreme court entered an order which effected the proper judgment of guilty of armed violence and directed the trial court to sentence defendant for that offense accordingly. The trial court's sentence of 25 years' imprisonment on the armed violence conviction does not constitute a resentencing as contemplated by section 5—5—4 of the Code.

It is well settled that counsel will not be deemed incompetent when he does not raise a meritless issue. (*People v. Howard* (1981), 94 Ill. App. 3d 797, 419 N.E.2d 702.) Because we have decided that section 5—5—4 does not apply to the facts of this case, we cannot find that appellate counsel was ineffective for failing to raise the issue on direct appeal.

For the foregoing reasons, the order of the circuit court of St. Clair County dismissing defendant's petition for post-conviction relief is affirmed.

Affirmed.

CHAPMAN, P.J., and LEWIS, J., concur.