**People of the State of Illinois, Plaintiff-Appellant, v. Gary E. Shipp, Defendant-Appellee.**

**Gen. No. 67–89.**

Third Judicial District.

June 28, 1968.

George E. Sangmeister, State's Attorney, of Joliet, for appellant.

Francis J. Loughran, of Joliet, for appellee.

SCHEINEMAN, J.

This is an appeal by the People from a court order which had the effect of suppressing evidence offered by the prosecution during a bench trial of a misdemeanor charge. The appellee questions the right of the State to take this appeal, a point which deserves to be considered. It was the law in this state for many years that the state had no right of appeal in a criminal case. The history of this law is reviewed in People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323 (affd 34 Ill2d 179, 214 NE2d 765). The amended article VI of the Illinois Constitution effective January 1, 1964, provides: "after a trial on the merits in a criminal case, no appeal shall lie from a judgment of acquittal." This appears to leave open to the legislature or the Supreme Court, the regulation of other appeals, not thereby prohibited.

At the time of the trial in this cause, the State's right to appeal was subject to Supreme Court Rule 604 (formerly Rule 27). Included therein is the provision that the State may appeal from an order or judgment "arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Court. Const, art VI, § 7; People v. Lerch, 34 Ill2d 305, 215 NE2d 257.

Since the defendant is normally furnished with the names of State witnesses in advance of trial, it would seem to be better practice to require that an objection to the testimony of a particular witness should be made before trial. However, we assume the trial judge felt the circumstances justified his recognition of the objection during the trial. It appears that when he sustained the defense objection, the trial judge then suspended

further proceedings in the trial, thus giving the State an opportunity to perfect this appeal.

██ ██ Considering the application of the quoted rule to this order of the trial court, it did have the effect of "suppressing evidence." We do not believe that every order of the court sustaining an objection to evidence for the prosecution is, or should be, appealable. But when it appears to the trial judge that the effect of his ruling is likely to block the prosecution entirely, so it has an effect similar to dismissing an indictment, or in arrest of judgment, then he may properly suspend the trial, as was done in this case, thereby permitting the State's attorney to seek a review. We approve the procedure followed in this case, and hold that the appeal is properly taken. This procedure is now covered and regulated by the 1967 revision of the statute, chapter 38, Ill Rev Stats, section 114, and various subparagraphs thereof.

The facts are the defendant, Gary E. Shipp, a high school student, was suspected of actuating a false fire alarm. He was called to the principal's office and interrogated. He was not warned or informed of any constitutional right to remain silent, and he made an oral confession.

██ A complaint was filed charging him with disorderly conduct. He entered a plea of not guilty and waived a jury. At his bench trial, the high school principal was called as a witness for the State, to testify as to his conversations with the defendant. The trial court sustained an objection by the defense that the statements of defendant were not admissible, since they would amount to a confession obtained without complying with the requirement as set forth in the Miranda v. Arizona, 384 US 436, 16 L Ed2d 644, 86 S Ct 1062.

In our opinion the Court erred in sustaining this objection. The U. S. Supreme Court carefully limited its holding in the Miranda case in which the Court held

that a person *in custody* must be advised of his right to remain silent, his right to counsel, his right to court appointed counsel, if indigent, and that statements he makes may be used against him. The following two paragraphs are quotations from the Miranda opinion:

"General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in fact-finding process is not affected by our decision."

"The constitutional issue we decide . . . is the admissibility of statements obtained from a defendant questioned while in custody and deprived of his freedom of action."

On this appeal we hold that the calling of a student to the principal's office for questioning is not an "arrest" and he is not then in custody of police or other law enforcement officials. This situation does not fall within the scope of the Miranda decision as the Supreme Court has limited it. People v. P. (Anonymous), 21 NY2d 1, 233 NE2d 255.

Accordingly, the order of the trial court is reversed and the cause is remanded for further proceedings, not inconsistent with this opinion.

Reversed and remanded.

STOUDER and ALLOY, JJ., concur.