People of the State of Illinois, Appellant, v. Frank J. Vlcek and Lydia P. Vlcek, Appellees.

Gen. No. 69–3.

Second District.

October 24, 1969.

Certificate of importance and rehearing denied Dec. 1, 1969.

William V. Hopf, State's Attorney of Du Page County, and Helen C. Kinney, Assistant State's Attorney, for appellant.

Irving Goodman, of Chicago, and Carl O. Bue, of Elmhurst, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

The defendants, Frank J. and Lydia P. Vlcek, were charged with arson. They filed a motion pursuant to section 114–11 of the Code of Criminal Procedure (Ill Rev Stats 1967, c 38, par 114–11), to suppress certain of their statements on the ground that they were not voluntary. The trial court granted the motion and the State has appealed.

The defendants' motion alleged that John Kennedy, a representative of their insurance carrier, asked them to come to his office relative to settling their fire insurance claim against the carrier; that Kennedy intimidated and threatened them while at his office, denied their request to see a lawyer, and advised them that they better answer his questions if they expected to collect on their insurance; that the intimidation confused the defendant, Frank J. Vlcek; that there may have been a tape recording of the conversation; and that any statements obtained by Kennedy from the defendants were involuntary and in violation of their constitutional rights.

Section 114–11 of the Code of Criminal Procedure relates to motions to suppress confessions and provides in part:

"(a) Prior to the trial of any criminal case a defendant may move to suppress as evidence any confession given by him on the ground that it was not voluntary.

"(b) The motion shall be in writing and state facts showing wherein the confession is involuntary.

"(c) If the allegations of the motion state facts which, if true, show that the confession was not voluntarily made the court shall conduct a hearing into the merits of the motion.

"(d) The burden of going forward with the evidence and the burden of proving that a confession was voluntary shall be on the State. Objection to the failure of the State to call all material witnesses

on the issue of the voluntariness of the confession must be made in the trial court."

This matter proceeded before the trial court in a somewhat bizarre manner. Neither the defendants nor the State observed the usual trial procedures designed to specify and limit the issues under consideration. The defendants' motion charged that the statements obtained by Kennedy were involuntary and in violation of their constitutional rights in that they were denied the right to talk to a lawyer and be advised of and concerning their rights. However, the motion did not allege that Kennedy was a law enforcement official of any type, but rather asserted that he was a representative of their fire insurance carrier.

At the beginning of the hearing, counsel for the defendants orally asserted that the foregoing grounds constituted a denial of the defendants' constitutional rights under Miranda v. Arizona, 384 US 436, 16 L Ed2d 694 (1966). The State's Attorney advised the trial judge that the motion presented a legal question—whether statements made to a nonlaw enforcing official can be suppressed under Miranda on the theory that the defendants were not advised of their constitutional rights. The judge indicated that Kennedy had appeared before the grand jury, and he believed that this was a sufficient connection to bring the case within the Miranda decision. Counsel for the defendants stated that he wanted to put the defendants on the stand. The judge replied that this met with the approval of the court and asked the State's Attorney if he had any objection to this procedure. The State's Attorney said that he had no objection but stated that following the testimony he would want to submit some law, and that he would not object to the defendants amending their motion if they wanted to allege that Kennedy was acting as a law enforcing officer.

Counsel for the defendants also related that he thought he had better amend his motion, although this was never, in fact, done. He advised the trial judge that there would be some evidence that Kennedy had said he was a fire marshal. The court indicated that a fire marshal was a law enforcement officer of the State. To this, counsel for the defendants replied that "He wasn't the Fire Marshal but he purported to act as such."

The defendants were then placed on the stand and testified concerning their interrogation by Kennedy in regard to their insurance claim, his intimidation of them, his refusal to permit them to talk to any attorney, his failure to advise them of their rights, and his representation that he was with the fire marshal's office. At the conclusion of the testimony, the State's Attorney reiterated that there remained before the court the legal question of whether the absence of the allegation that Kennedy was a law enforcement officer, or of evidence other than that he represented that he was, was sufficient to sustain a motion to suppress; and he indicated that absent the legal argument then before the court, he would subpoena Kennedy.

With the case in this posture, the trial judge stated that the matter was then before him for decision, and entered an order finding that Kennedy held himself out to be connected with the fire marshal's office and was clothed with the apparent authority of that office; that the defendants were not advised by Kennedy of their right to remain silent or not be interrogated, of their right to consult an attorney, or that anything they said might be used against them; and that the statements were, thus, inadmissible under Miranda.

Presently, the Supreme Court has not held that a person—other than a law enforcement officer—must advise one interrogated of his constitutional rights before any statement made by the latter can be admissible against

77

him. In Miranda (384 US, p 444, 16 L Ed2d, pp 706, 707), it carefully limited its holding:

". . . the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. . . ."

In Harrison v. United States, 392 US 219, 20 L Ed2d 1047 (1968), also cited by the defendants, the majority held that testimony of the defendant at a prior trial could not be read into evidence at a subsequent trial because the defendant's earlier testimony was the result of the prior trial court erroneously admitting into evidence the inadmissible confessions. The court reasoned that, but for the use of the inadmissible confessions in evidence, the defendant would not have testified, and that the impelled resulting testimony was the fruit of the poisonous tree.

Mr. Justice White, in his dissent, notes the factor significant in the case at bar—that the procedural safeguards outlined by Miranda are applicable to law en-

forcement officials to secure the privilege against self-incrimination from wrongful Government action. In criticizing the majority in Harrison (392 US, p 230, 20 L Ed2d, p 1056), he stated:

> "The court, however, seems to overlook all of these problems in adopting an overly simple and mechanical notion of 'fruits' to which I cannot subscribe. In the view of the Court, if some evidentiary matter is causally linked to some illegal activity of the Government—linked in that broad 'but for' sense of causality which rarely excludes relevant matters which come later in time—it is a 'fruit' and excludable as such. This strictly causal notion of fruits is, of course, consistent with the dictum in Silverthorne Lumber Co. v. United States, 251 US 385, 392, 64 L Ed 319, 321, 40 S Ct 182, 24 ALR 1426 (1920), that '(i)f knowledge of (the facts) is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it. . . .'"

In People v. Shipp, 96 Ill App2d 364, 239 NE2d 296 (1968), the defendant was accused of disorderly conduct relating to actuating a false fire alarm in the school. He was called to the principal's office and interrogated therein by the principal. He made an oral confession without being warned or informed of any constitutional rights to remain silent. At the trial, the principal was called to testify with reference to this oral confession, and the trial court sustained an objection thereto because the confession was obtained without complying with the Miranda requirements. The Appellate Court held that the calling of the student to the principal's office for questioning was not an arrest; that the student was not in the custody of a law enforcement official; and that these circumstances did not come within the scope of the Miranda rule.

79

In the case at bar, the defendants were not restrained by Kennedy, whom, as the defendants allege, they saw for the purpose of settling their insurance claim. They remained in his office, apparently, because of the promise that their insurance claim would then be settled and because of threats to the job security of the defendant, Frank J. Vlcek, if he didn't answer questions.

■ While the testimony indicates that Kennedy held himself out to the defendants to be a fire marshal, if, in fact, he was not, then this is of no more significance under Miranda than if a bank clerk, under the guise of being a police officer, should obtain an incriminating statement from a depositor, in that the custodial procedural safeguards of Miranda have application to law enforcement officers only. In the case at bar, the defendants' counsel advised the court that Kennedy was not a fire marshal. The truth of this statement cannot be ascertained from the record.

The defendants, as indicated by their motion and statements to the court, were relying upon Miranda, and the court suppressed the statements under that authority. Yet, the admonitions required by Miranda are applicable to law enforcement officials—not private persons— even though the private persons may be posing as law enforcement officials.

■ Under the posture in which the motion was presented, heard and decided by the trial judge, we believe that the motion should have been denied. There was neither allegation nor proof that Kennedy was a law enforcement official, or that he was acting upon the direction or with the approval of such officials. Absent this, the finding of the trial court that the defendants should have been given the admonitions required by Miranda is improper. Broberg v. Mann, 66 Ill App2d 134, 137, 213 NE2d 89 (1965).

80

The cause should be remanded for a new hearing on the defendants' motion to suppress, and they should be given leave to amend their motion if they so desire. It may be that under proper allegations and proof, the defendants can show that Kennedy was, in fact, a fire marshal, or that any statements made by the defendants were given under conditions such as to render them otherwise involuntary or untrustworthy. We express no opinion on this since that determination should be made by the trial court after full hearing of the issues of the action as raised by proper pleadings, and under the evidence presented by both parties litigant. Therefore, the cause is reversed and remanded for further hearing consistent with the views expressed herein.

Reversed and remanded with directions.

MORAN, P. J. and SEIDENFELD, J., concur.