THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE FAISON, Defendant-Appellant.

Third District   Nos. 78-487, 78-488 cons.

Opinion filed December 7, 1979.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of this court:

These consolidated appeals were instituted by the defendant, Jimmie Faison, from his convictions for burglary and theft. The sole issue on appeal is whether the trial court erred by refusing to suppress the defendant's confession.

In compliance with the requirements for custodial interrogation set out in *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, the interviewing officer, James Stewart, informed the defendant of his constitutional rights. This was accomplished by Stewart reading these rights from a form. As the defendant indicated he understood each right, Stewart indicated an affirmative response from the defendant by writing "yes" on the form.

After being informed of his rights, and indicating that he understood each of them, the defendant, in response to a question, stated he was not willing to answer questions. At this time, Stewart recorded "no" opposite the corresponding question. However, Stewart thereafter asked the three remaining questions on the form, concerning whether the defendant had been struck, threatened or promised rewards in return for answering questions. To each of these questions the defendant responded in the negative.

Subsequently, Stewart handed the form to the defendant, asking him to read each question and place his initials after each answer. This the defendant did, but when he arrived at the inquiry on the form as to whether he desired to answer questions, the defendant hesitated a moment and then stated he would answer a few questions. Stewart asked whether the defendant was sure, and the defendant answered, "yes." Stewart took the form back and reread the question, "Knowing the above, are you willing to answer questions?" The defendant responded he would answer questions. Stewart then recorded a "yes" next to the "no"

previously recorded, which previous response was now put in parentheses, and the defendant initialed the new response. Following this interchange, a 20-minute interview took place at which defendant confessed to participation in the theft and burglary.

■■ For incriminatory statements obtained as a result of a custodial interrogation to be admissible, the defendant, prior to giving the statement, must have been informed that he has the right to remain silent, the right to have an attorney present during questioning, and the right to have an attorney appointed if he cannot afford one. (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) If the individual expresses, in any manner, prior to or during questioning, a desire to remain silent, the interrogation must cease. (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) Once an individual has exercised his right to remain silent, interrogation may be resumed after a complete cessation of questioning for a significant time only if *Miranda* warnings have been repeated, so as to enable the person in custody to effectively exercise his rights at the outset of the second period of questioning. Additional circumstances which tend to demonstrate that the defendant's right to remain silent was scrupulously honored are that a different officer conducted the second questioning and that a completely different subject matter was involved in the second questioning. *Michigan v. Mosley* (1975), 423 U.S. 96, 46 L. Ed. 2d 313, 96 S. Ct. 321; *People v. Goodrich* (1977), 48 Ill. App. 3d 141, 362 N.E.2d 798; *People v. Nestrick* (1977), 45 Ill. App. 3d 519, 359 N.E.2d 503.

■■■ It is argued by the defendant that his right to remain silent was not scrupulously honored because Stewart asked the three remaining questions on the form. While the three final questions on the form were not designed to elicit a response concerning the circumstances of the case, once the defendant had indicated he would not answer questions, all questioning should have ceased. Interrogation encompasses not only questioning, but also any remarks, psychological tactics or patient maneuvering designed to elicit a response or to undermine the suspect's will to resist. (*People v. Sanders* (1977), 55 Ill. App. 3d 178, 370 N.E.2d 1213; *State v. Boggs* (1977), 16 Wash. App. 682, 559 P.2d 11.) We believe these questions fit into these categories.

Since the defendant's right to remain silent was not scrupulously honored, the incriminatory statements should have been suppressed. Accordingly, the judgment of the Circuit Court of Will County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

ALLOY and BARRY, JJ., concur.