THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL ROBINSON, Defendant-Appellant.

Third District   No. 78-228

Opinion filed August 5, 1980.—Rehearing denied September 24, 1980.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Following a jury trial in the Circuit Court of Peoria County (on a change of venue to Rock Island County), the defendant Michael Robinson was convicted of one count of murder and one count of armed robbery. He was sentenced to concurrent terms of 60 years for murder and 20 years for armed robbery.

Robinson was charged along with Billy Gulliford and James Hines with the July 23, 1977, murder and armed robbery of Bradley University professor Dominic Volturno. The trial of Robinson was severed from that of his companions. The sequence of events surrounding the murder and armed robbery of Volturno were set forth in detail in *People v. Gulliford* (1980), 86 Ill. App. 3d 237, 407 N.E.2d 1094, and will only be repeated here where relevant to the issues raised by this defendant.

Robinson has raised five issues on appeal which he has phrased as follows:

"I. Whether the trial court should have suppressed the defendant's statement and barred its use at trial since the State did not produce all material witnesses to its taking.

II. Whether the court also should have suppressed the defendant's confession given the total circumstances surrounding its taking (as related by the witnesses who did testify)— circumstances which included, as independently significant facts, A) the police's failure to honor defendant's right to cut off questioning, B) The state's failure to show defendant's free and intelligent waiver of counsel and C) Defense counsel's failure to effectively represent the defendant.

III. Whether the trial court erred in summarily appointing new counsel prior to trial without giving the defendant an opportunity

to waive whatever conflict of interest his first attorney may have had, especially where defendant indicated a desire to keep that attorney.

IV. Whether the trial court abused its discretion in denying the defendant's motion to participate as co-counsel in the examination of witnesses.

V. Whether the trial court's refusal to instruct the jury on the lesser included offense of attempt armed robbery was reversible error where there was evidence presented in the case that defendant did not actually take any property from the victim."

■■ Defendant's first argument is that the trial court erred in failing to suppress the statement that he gave to the police while in custody because the State failed to produce all material witnesses connected with the taking of the statement or to explain their absence. The rule is well established that the State must produce all material witnesses, that is, all witnesses whose testimony is material to the issue of the voluntariness of the challenged statement. (*People v. Armstrong* (1972), 51 Ill. 2d 471, 282 N.E.2d 712; *People v. Sims* (1961), 21 Ill. 2d 425, 173 N.E.2d 494). This rule is a safeguard against the use of improperly induced or coerced confessions by the State. (*People v. Smith* (1974), 56 Ill. 2d 328, 307 N.E.2d 353.) Alternatively, the State could explain the failure of such a witness to testify.

The challenged confession in this case was made by the defendant to Peoria police officer Robert Crady. Officer Crady testified concerning the confession at length at the hearing on the motion to suppress. Also present was Crady's secretary, Joyce Tucker, who witnessed the written confession along with Crady. Officer Charles Cannon had been present during the interrogation of the defendant and had reviewed the evidence in the case for the defendant prior to the confession, but was not present when the defendant confessed. Officer Cannon also testified, but Joyce Tucker did not. It is the failure of the State to either call Joyce Tucker to testify or explain her absence that the defendant argues justifies a suppression of defendant's confession.

Initially, the State argues that the defendant waived this issue on appeal by failing to specifically voice his objection to the failure of the State to call Joyce Tucker in compliance with the material witness rule. We agree with portions of the State's argument and conclude that the defendant has waived the issue on appeal. The Code of Criminal Procedure of 1963 provides that "[o]bjection to the failure of the state to call all material witnesses on the issue of whether the confession was voluntary must be made in the trial court." (Ill. Rev. Stat. 1977, ch. 38, par. 114—11(d).) There was no evidence presented to show that the defendant's confession was coerced or involuntary. Upon the close of the

State's evidence at the hearing on defendant's motion to suppress the confession, the defendant generally objected that "[t]he state has failed to sustain its burden in that it has not presented all people who were present at the taking of the alleged admission." Defense counsel did not indicate who the missing material witness was, he did not argue further on his objection and he failed to persist for a ruling. The motion to suppress merely alleged the legal conclusion that "any statement or confession or test elicited from him were [sic] the direct result of either physical and/or mental coercion and were [sic], therefore, involuntary."

■■■ Although defendant's motion to suppress was in writing, it did not state facts sufficient to show wherein the confession was involuntary. (Ill. Rev. Stat. 1977, ch. 38, par. 114—11(b).) No further evidence, even defendant's own testimony, is supportive of defendant's theory that his confession was coerced or improperly induced. Defendant renewed his objection to the admission of the confession at trial, but again, the basis for the objection was neither the involuntariness of the confession nor the failure to call a material witness. The defendant simply argued that his *Miranda* rights had been violated. We have recently held that a defendant must raise the issue of the voluntariness of a confession either in a motion to suppress or at trial or he waives any objection to the State's failure to call a material witness. (*People v. Hills* (1979), 71 Ill. App. 3d 461, 389 N.E.2d 873.) We believe that the defendant has not properly preserved his alleged error with sufficient specificity for review by this court. The defendant's written post-trial motion alleges that reversible error occurred in admitting defendant's confession, but again the alleged error does not specify the legal basis he now argues on appeal. The failure to state the facts upon which the alleged coerced or improperly induced confession is based creates a difficult task for the State in determining who were the material witnesses on the question of the involuntariness of the confession. (*In re Lamb* (1975), 61 Ill. 2d 383, 336 N.E.2d 753). The failure to establish sufficient facts to support a charge that the confession was somehow involuntary also makes review of the trial court's refusal to suppress the defendant's confession because of a violation of the material witness rule by the State an impossible task. The lack of specific argument of the legal theory relied upon by the defendant in his post-trial motion amounts to a waiver in this case. Additionally, the material witness rule does not apply where the motion to suppress is predicted only upon the alleged violation of defendant's *Miranda* rights, as in the case at bar. *People v. McClure* (1976), 43 Ill. App. 3d 1059, 358 N.E.2d 23.

■■■ Defendant's second argument is that the trial court should have suppressed his confession because of (1) the failure of the police to honor defendant's right to cut off questioning; (2) the State's failure to show his free and intelligent waiver of counsel; and (3) defense counsel's failure to

effectively represent the defendant. Robinson contends that he exercised his *Miranda* rights at his first interrogation session on July 24, 1977, and although questioning then ceased, re-interrogation was conducted five days later, on July 29, 1977, about the Volturno incident, in contravention of his exercise of his right to remain silent, as enunciated in *Michigan v. Mosley* (1975), 423 U.S. 96, 46 L. Ed. 2d 313, 96 S. Ct. 321. However, we believe defendant's re-interrogation satisfied the guidelines set forth by the Supreme Court in *Mosley*. The Supreme Court concluded in *Mosley* that the admissibility of statements obtained after the defendant in custody, subsequent to *Miranda* warnings, has decided to remain silent depends upon whether his right to cut off questioning was scrupulously honored under the circumstances. It is permissible to requestion a defendant in custody after he has expressly elected to remain silent where some considerable time has elapsed between the original questioning and the re-interrogation and where a fresh *Miranda* warning has been given. (*People v. Goodrich* (1977), 48 Ill. App. 3d 141, 362 N.E.2d 798; *People v. Brookshaw* (1973), 12 Ill. App. 3d 221, 299 N.E.2d 20; *contra, People v. Nestrick* (1977), 45 Ill. App. 3d 519, 359 N.E.2d 503 (where there was no significant time lapse between questioning sessions).) We believe the five days that elapsed between defendant's assertion of his right to remain silent at the first interrogation and his subsequent re-interrogation with fresh *Miranda* warnings were a sufficiently intervening factor to allow for the re-interrogation while still honoring defendant's right to cut off questioning.

Defendant also claims that, upon re-examining him, the police could not question him about the same subject they were pursuing when defendant exercised his right to cut off the questioning in the first instance (*People v. Nestrick.*) We disagree. As long as the record supports the conclusion that defendant's *Miranda* rights were scrupulously honored otherwise, he could be requestioned about the same crime as the original interrogation pursued. (*People v. Morgan* (1977), 67 Ill. 2d 1, 364 N.E.2d 56; *People v. Pittman* (1973), 55 Ill. 2d 39, 302 N.E.2d 7; *People v. White* (1974), 22 Ill. App. 3d 180, 317 N.E.2d 323.) As I stated in a dissenting opinion in *People v. Savory* (1980), 82 Ill. App. 3d 767, 776, 403 N.E.2d 118, 125, in reference to Mosley "the fact the second interrogation involved a completely different subject matter is only an 'additional circumstance' which tends to demonstrate that the defendant's right to remain silent was scrupulously honored (*People v. Faison* (1979), 78 Ill. App. 3d 911, 397 N.E.2d 1233)." For the reasons stated, the trial court correctly refused to suppress Robinson's confession under *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.

■■ In support of his argument that his confession should have been suppressed, Robinson additionally claims that the State failed to show his

free and intelligent waiver of counsel. At a lineup that was had on July 29, 1977, the defendant's appointed counsel, Emmett Lally, was present, the public defender's office having been appointed to represent the defendant on July 25, 1977. Following the lineup the public defender left and Officer Crady began his interview of Robinson without defense counsel's presence. Officer Crady neither encouraged or discouraged a conference between Robinson and Lally but did fail to advise Robinson of Lally's presence at the lineup. Prior to beginning the questioning on July 29, 1977, Officer Crady testified that he reminded Robinson of his *Miranda* rights, which had previously been read to him. Crady reported that he remembered telling Robinson that he did not have to speak to him and that he had a right to have an attorney present. The record also indicates that following his arrest and the appointment of the public defender to represent him, the defendant was given a piece of paper with the names and phone numbers of two assistant public defenders. Defendant admitted that one of those assistant public defenders had represented him on a previous occasion, but that he, nevertheless, threw the piece of paper away and made no attempt to contact the office of the public defender. Prior to the commencement of the July 29, 1977, interrogation, Robinson indicated to the police that he remembered his *Miranda* rights. Robinson did not request the presence of his attorney and unlike the July 24, 1977, interrogation session, he did not state that he did not want to talk to Officer Crady. Robinson ultimately signed a written statement which included written advice of his *Miranda* rights. The right to have counsel present during questioning by the police about criminal conduct is a right of the defendant and not a right of his counsel. Accordingly, the defendant may waive this right. As the supreme court stated in *People v. Aldridge* (1979), 79 Ill. 2d 87, 92, 402 N.E.2d 176, 179, "[t]hat his * * * counsel was neither notified nor present when the defendant chose to forgo the assistance of counsel does not compel the invalidation of this waiver if otherwise voluntarily and knowingly made." Unlike the facts of *People v. Medina* (1978), 71 Ill. 2d 254, 375 N.E.2d 78, and *People v. Washington* (1977), 68 Ill. 2d 186, 369 N.E.2d 57, upon which the defendant relies, he did not affirmatively request the assistance of his appointed counsel prior to or during the interrogation despite being again advised of that right. In our opinion, there is ample evidence in the record from which the trial court could properly have found that the defendant freely and intelligently waived the presence of counsel. The trial court's finding of a waiver in this case and the refusal to suppress the confession is not contrary to the manifest weight of the evidence. *People v. Morgan* (1977), 67 Ill. 2d 1, 364 N.E.2d 56.

In a related argument that the suppression of his confession should have been allowed, the defendant claims that the failure of his appointed

counsel to remain and be present at the July 29, 1977, interrogation session denied him effective assistance of counsel. While we admit that the presence of counsel at this interrogation may have been helpful to defendant and would have provided him with a worthy ally against the probing investigation of the police, we do not believe that this amounts to ineffective assistance of counsel. As aforesaid, the right to counsel is defendant's and not the right of defense counsel to be present. The defendant contends that his appointed counsel's failure to contact him immediately after his appointment was also a denial of his right to effective assistance of counsel. In order to establish incompetence of court-appointed counsel, the defendant must establish (1) that his attorney was actually incompetent in the performance of his duties and (2) that the incompetency of his attorney probably affected the outcome of the trial or hearing. (*People v. Goerger* (1972), 52 Ill. 2d 403, 288 N.E.2d 416; *People v. Hills* (1979), 71 Ill. App. 3d 461, 389 N.E.2d 873).

We will not decide whether appointed counsel's not contacting the defendant immediately amounted to actual incompetency under the facts presented, because even assuming arguendo that it did, there is no evidence of an adverse effect upon the jury's finding of guilt, the defendant's trial or suppression hearing. Therefore, we find that defendant has failed to meet the second required element of the test for incompetency of appointed counsel. The record in the present case overwhelmingly establishes defendant's guilt, and we are convinced that his conviction would certainly have resulted even if his confession had not been admitted into evidence.

■■ In this case, the defendant was given the name and phone number of two members of the staff of his appointed counsel, but he failed to call or to request them ever to be present. An assistant public defender attended the July 29, 1977, lineup to assure its fairness. Although the defendant's right to effective assistance of counsel must be respected, it is not our obligation to force an appointed attorney upon a defendant who has not otherwise requested his presence. Under facts quite similar to those of the case at bar, the admission of defendant's statement into evidence was upheld. (*People v. Beamer* (1978), 59 Ill. App. 3d 855, 376 N.E.2d 368.) Counsel in *Beamer* was appointed on September 3, and on September 9, the defendant waived his right to the presence of an attorney and confessed. The controlling fact in *Beamer* as well as the present case is defendant's free and knowing waiver of the presence of counsel at the interrogation.

■■ ■ Consistent with the prior issue, Robinson also claims that the trial court erred in appointing counsel to replace the previously appointed public defender's office because of a conflict of interest. Both sides stipulated to facts upon which defendant predicated his ineffective

assistance of counsel argument which we have previously discussed in this opinion. The appointed public defender moved to withdraw as counsel because of the conflict created by his having to argue the alleged incompetence and resulting ineffectiveness of another member of the staff of the public defender. Defendant contends that he chose to keep the first public defender and accordingly could and did waive any possible conflict of interest in said appointed counsel. We agree that, under proper circumstances, a defendant may knowingly waive his attorney's conflict of interest. However, we do not believe that the trial court in any way abused its discretion in not allowing the waiver in this case. A defendant who requires the services of a court-appointed attorney is not entitled to choose a particular attorney. (*People v. Heidelberg* (1975), 33 Ill. App. 3d 574, 338 N.E.2d 56.) Had the trial court allowed defendant to waive the conflict of interest in the public defender's office, undoubtedly the issue on review would now be that allowing the waiver was error. In a recent case, the trial court's refusal to accept a waiver of a conflict of interest in the public defender's office was affirmed under facts analogous to the case now before us. (*People v. Moore* (1979), 71 Ill. App. 3d 451, 389 N.E.2d 944.) In *Moore*, the same public defender's office represented a potential material State witness. In upholding the trial court's refusal to accept the waiver of the conflict of interest by Moore, the appellate court concluded that an indigent defendant does not have a right to court-appointed counsel of his own choice or to select a particular public defender to represent him. (*People v. Moore.*) We agree and believe that the *Moore* case is controlling on this issue. Defendant's reliance on *People v. Friedrich* (1960), 20 Ill. 2d 240, 169 N.E.2d 752, is misplaced. *Friedrich* merely recognizes the defendant's right to *employ*, at his own expense, counsel of his own choice, and does not support Robinson's contention that he may select appointed counsel of his own choice.

The defendant next contends that the trial court abused its discretion in denying his motion to participate as co-counsel in the examination of witnesses at the trial. Although the trial court allowed Robinson's motion to participate in the *voir dire*, he refused to allow him to examine the witnesses at trial in addition to his attorney's examination. The State argues initially that the defendant waived this issue by both failing to object to the denial of his motion at the trial and not arguing the issue in his written post-trial motion. We have examined the recent portion of the transcript of proceedings and defendant's written post-trial motion and conclude that a waiver of the issue occurred in this case. As we stated in *People v. Guynn* (1975), 33 Ill. App. 3d 736, 737, 338 N.E.2d 239, 240, "[i]t is clear that error must be preserved either by objection at the proper time, or by filing of a post-trial motion (*People v. Long* (1968), 39 Ill. 2d 40, 43, 233 N.E.2d 389) and that if a post-trial motion is filed, any errors

not set forth in the motion are deemed to be waived (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856)."

■■ The defendant's final argument is that the trial court erred in refusing to give the defense-tendered jury instructions on the lesser-included offense of attempt armed robbery of Dr. Volturno. The law in Illinois is clear that when the record contains evidence which, if believed by the jury, would reduce the crime to a lesser included offense, a jury instruction defining the lesser offense should be given. (*People v. Bembroy* (1972), 4 Ill. App. 3d 522, 281 N.E.2d 389.) The evidence in the present case falls short of that standard. It was Robinson's testimony at trial that he never saw Dr. Volturno and denied removing anything from Volturno's pocket. He further testified that the wallet which was found in his car belonged to him. The State's evidence contradicted Robinson's denials and was very strong. Robinson's pretrial statement to the police, which the court admitted into evidence, admitted involvement in a beating and robbery. The defendant testified in an attempt to explain his inculpatory statement that the statement referred to him and his companions, Hines and Gulliford, attacking and robbing an East Peoria man, not Volturno. The defendant has attempted an appeal to resurrect various slight inconsistencies in the State's evidence to establish some slight evidence of the lesser-included offense of attempt armed robbery of Volturno, which does not persuade us. The defendant flatly denied involvement in an attack and robbery or attempt robbery of Volturno. At best, his testimony, even if believed by the jury, indicates that he was guilty of armed robbery or attempt armed robbery of another victim, an East Peoria man, but not guilty of any crime against Volturno. In the case before us, the record clearly demonstrates that Robinson, even considering his own testimony, was either guilty or not guilty of armed robbery of Volturno, with no evidence at all being presented to support a verdict of the lesser-included offense of attempt armed robbery. In such circumstances, the refusal to give a tendered jury instruction on the lesser offense should be upheld. (*People v. Thompson* (1976), 35 Ill. App. 3d 773, 342 N.E.2d 445.) No jury instruction on the lesser offense of attempt armed robbery of Volturno was required by the evidence contained in the record before us. Obviously the jury believed the State's witnesses and totally rejected the defendant's testimony. Accordingly, the armed robbery conviction should be affirmed.

For the reasons stated, we affirm the defendant's convictions of murder and armed robbery.

Affirmed.

SCOTT and STENGEL, JJ., concur.