[No. A038381. First Dist., Div. Two. Aug. 15, 1988.]

In re COREY L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
COREY L., Defendant and Appellant.

COUNSEL

Carolyn Morris, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Clifford K. Thompson and Josanna Berkow, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BENSON, J.**—Corey L., a minor born February 10, 1973, appeals from an order declaring him to be a ward of the juvenile court pursuant to Welfare

and Institutions Code section 602.[1] He contends on appeal that his rights under *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] were violated. We disagree and affirm the order.

On February 24, 1987, appellant was taken into custody by the Oakland Police Department and charged with felony possession of a controlled substance, cocaine, in violation of Health and Safety Code section 11350. A petition pursuant to section 602 was filed on February 26, 1987, and on February 27 the public defender was appointed to represent appellant and an order of detention was entered.

A hearing on the petition was held on March 19, 1987. At that time appellant made a motion under section 700.1 to suppress evidence of statements he had made to his school principal and the physical evidence of cocaine found in the pocket of the jacket he was wearing at school.[2] Evidence was taken, the motion was denied and the court found the allegations of the petition true. A dispositional report was filed on March 31, 1987, and the disposition hearing was held on April 1, 1987. Appellant was placed on probation subject to a number of terms and conditions and placed for residence in the home of his mother. This timely appeal followed.

At the March 19, 1987, hearing, the People presented the testimony of Paul Randall, the principal of Madison Middle School in Oakland which appellant attended, and of Kaizer Albino, the Oakland police officer who had taken appellant into custody. Only the testimony of Randall is relevant to the issue presented in this appeal.

Randall testified that on February 24, 1987, three students at the school, individually and separately, told him that someone on the school campus had drugs. Two of the students specifically said that there was cocaine on campus and one of those students stated that appellant possessed the cocaine. That student did not tell Randall that he himself had seen appellant with drugs in his hands. Randall, accompanied by Alberta Merchant (apparently another employee of the school), then removed appellant from a classroom and asked him to go with them to the woodshop. In the woodshop, Randall told appellant that he had been informed that appellant was carrying drugs and asked if that was true. Appellant denied having drugs but raised his hands and said, "You can search me if you want to." Randall then searched appellant and found two baggies containing five small pea-

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] Section 700.1 provides that a motion to suppress evidence obtained as a result of an unlawful search or seizure shall be heard prior to the attachment of jeopardy in a proceeding to have a minor declared a ward of the juvenile court.

sized balls of a white solid crystallized substance in the pocket of appellant's jacket.

Randall asked appellant what he was doing with "this stuff" and appellant replied that he had gotten it from somebody else. He also asked appellant if he was going to sell the drugs on campus and appellant said that he was not. When asked why he had the substance, appellant stated that he was afraid to leave it at home. Randall reminded appellant that about a month earlier he had informed appellant that he suspected appellant was "into drugs" because he had a large amount of money on him ($195) without a credible explanation. Randall then stated that he would have to call the police. Officer Albino responded to Randall's call and took appellant into custody. The substance found in appellant's pocket was subsequently identified as cocaine.

Randall also testified that he did not advise appellant of any right to remain silent, did not tell him that anything he said in response to Randall's questioning could be used against him and did not tell him that he had a right to have an attorney present before any questions were asked. He stated that if appellant had not consented to being searched he would have called the police to search him.

■ Appellant characterizes his argument on appeal as follows: "The school principal's failure to warn the minor of his *Miranda* rights rendered the search and seizure and the subsequent admissions inadmissible in evidence."

The United States Supreme Court and the California Supreme Court have both held that public school officials are agents of the government to whom the constitutional proscriptions against unreasonable searches and seizures apply and that a search of a student by a public school official must be based upon a reasonable suspicion (a lesser standard than probable cause) that the student has violated or is violating the law or school regulations. (*New Jersey* v. *T.L.O.* (1985) 469 U.S. 325 [83 L.Ed.2d 720, 105 S.Ct. 733]; *In re William G.* (1985) 40 Cal.3d 550 [221 Cal.Rptr. 118, 709 P.2d 1287].) Appellant contends that "there is no reason not to extend [the reasoning of *T.L.O.* and *William G.*] to include the duty of school officials to warn their students of their constitutional rights prior to interrogating and searching them." We cannot agree.

Appellant cites no authority holding that school officials must advise students of *Miranda* rights before questioning them about suspected violations of the law or school rules, and we are aware of no such authority. Appellant urges that his view should be accepted because in both the search

and questioning situations school officials act as investigatory agents for the local police. What appellant ignores is that *Miranda* warnings are required only with respect to "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (*Miranda* v. *Arizona, supra,* 384 U.S. 436, 444 [16 L.Ed.2d 694, 706-707], fn. omitted.) *Miranda* "does not apply outside the context of the inherently coercive custodial interrogations for which it was designed." (*Roberts* v. *United States* (1980) 445 U.S. 552, 560 [63 L.Ed.2d 622, 631, 100 S.Ct. 1358].) Questioning of a student by a principal, whose duties include the obligations to maintain order, protect the health and safety of pupils and maintain conditions conducive to learning, cannot be equated with custodial interrogation by law enforcement officers. Many courts which have considered the question have held that school officials need not give *Miranda* warnings before questioning students about suspected violations of school rules or criminal activity on the grounds that this type of inquiry is not a custodial interrogation within the meaning of *Miranda*. (See, e.g., *Cason* v. *Cook* (8th Cir. 1987) 810 F.2d 188, 193, cert. den. 482 U.S. 930 [96 L.Ed.2d 704, 107 S.Ct. 3217] [student taken into a restroom and school office for questioning was not "in custody"]; *Betts* v. *Board of Education of City of Chicago* (7th Cir. 1972) 466 F.2d 629, 631 and fn. 1 [failure of school administrative assistant and fire department official to give student *Miranda* warnings did not violate Fifth Amendment]; *Adams* v. *City of Dothan Bd. of Educ.* (Ala.Civ.App. 1986) 485 So.2d 757, 761 [*Miranda* warnings not required to be given to student subjected to interrogation by school officials in furtherance of their disciplinary duties]; *Boynton* v. *Casey* (D.Me. 1982) 543 F.Supp. 995, 997 and fn. 4 [same]; *People* v. *Shipp* (1968) 96 Ill.App.2d 364 [239 N.E.2d 296, 298] [student called to principal's office for questioning is not "in custody" and *Miranda* warnings are not required]; *In re Drolshagen* (1984) 280 S.C. 84 [310 S.E.2d 927] [same]; *State* v. *Wolfer* (1984) 39 Wn.App. 287 [693 P.2d 154, 158-159] [school security employee not required to give *Miranda* warnings prior to questioning high school student].) We similarly conclude that no *Miranda* warnings were required in this case.

 Appellant contends that his consent to the search was invalid since he had not been given *Miranda* warnings. Settled law is to the contrary. "[A]dvice as to *Miranda* rights is not a prerequisite to a voluntary consent to search." (*People* v. *James* (1977) 19 Cal.3d 99, 114 [137 Cal.Rptr. 447, 561 P.2d 1135]; *People* v. *Thomas* (1970) 12 Cal.App.3d 1102, 1108-1112 [91 Cal.Rptr. 867].) The consent was clearly valid, as it was volunteered without even a request for permission to search. Furthermore, the principal, who had been informed that appellant possessed cocaine, had "reasonable suspicion" to justify a search under *T.L.O.* and *William G.* without regard to consent. There was no error.

The order declaring appellant a ward of the court pursuant to section 602 is affirmed.

Kline, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied September 6, 1988, and appellant's petition for review by the Supreme Court was denied November 10, 1988.