THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL ROBINSON, Defendant-Appellant.

Third District   Nos. 3—88—0339, 3—88—0340 cons.

Opinion filed September 22, 1989.

Michael Robinson, of Joliet, *pro se*, and Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John A. Barra, State's Attorney, of Peoria (Rita Kennedy Mertel and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

A jury convicted the defendant, Michael Robinson, of one count of murder and one count of armed robbery. The trial court sentenced him to concurrent terms of 60 years' imprisonment for the murder conviction and 20 years' imprisonment for the armed robbery conviction. This court affirmed his convictions on appeal. (*People v. Robinson* (1980), 87 Ill. App. 3d 621, 410 N.E.2d 121.) Subsequently, the defendant filed a petition for post-conviction relief. The trial court thereafter dismissed his petition. He appeals.

The sequence of events surrounding the defendant's commission of the above crimes was set forth in detail in *People v. Gulliford* (1980), 86 Ill. App. 3d 237, 407 N.E.2d 1094. Here, we will discuss only those facts pertinent to the issues presented by the defendant's appeal of the trial court's dismissal of his petition for post-conviction relief.

The defendant's first argument on appeal is that the trial court erred in dismissing his petition for post-conviction relief without a hearing. He argues that his confession statement was taken in violation of his right to counsel as outlined in *State v. Jackson* (1986), 475 U.S. 625, 89 L. Ed. 2d 631, 106 S. Ct. 1404. In *Jackson*, the Supreme Court held that if police initiate interrogation after the defendant's assertion at arraignment of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid.

■ The record in the present case reveals that the defendant was arraigned on July 25, 1977, at which time the public defender's office was appointed to represent him. The record does not show whether the defendant requested a lawyer at arraignment. However, it does show that the defendant was given a piece of paper with the names and phone numbers of two assistant public defenders. In the defendant's previous appeal, we noted that he admitted that one of those assistant public defenders had represented him on a previous occasion, but that he nevertheless threw the piece of paper away and made no attempt to choose one of the public defenders before he voluntarily confessed to the crime on July 29, 1977, after being interrogated by police. Furthermore, prior to the commencement of the July 29 interrogation, the defendant did not request the presence of an attorney.

We find that even assuming *arguendo* that the trial court erred in not suppressing the defendant's confession statement, any error was harmless in light of the overwhelming evidence of the defendant's guilt. In support of this finding, we note that there was an eyewitness to the crime. Further, the defendant's fingerprints were found on the bloody murder weapon discovered inside his car. Moreover, we note that in the first appeal of this case we held that "[t]he record in the present case overwhelmingly establishes defendant's guilt, and we are convinced that his conviction would certainly have resulted even if his confession had not been admitted into evidence." (*People v. Robinson* (1980), 87 Ill. App. 3d 621, 628, 410 N.E.2d 121, 126.) Accordingly, this finding was *res judicata* and could not be raised in a petition for post-conviction relief since it was decided on direct appeal adversely to the defendant. See *People v. Edwards* (1980), 83 Ill. App. 3d 128, 403 N.E.2d 771.

The defendant's second argument on appeal is that his appellate counsel was ineffective. He argues that his appellate counsel should have raised on direct appeal the issues contained in his petition for post-conviction relief.

■ A defendant is not entitled as a matter of right to an evidentiary hearing on a post-conviction petition alleging incompetence of counsel. (*People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 478 N.E.2d 31.) Conclusional allegations regarding incompetency of counsel are not sufficient to require a post-conviction hearing. (*People v. Howard* (1981), 94 Ill. App. 3d 797, 419 N.E.2d 702.) Moreover, it is not incompetent for appellate counsel to fail to raise an issue on direct appeal which counsel believes is without merit, unless counsel's appraisal of the merits is patently erroneous. (*People v. Crater* (1984), 124 Ill. App. 3d 1074, 465 N.E.2d 162.) A petitioner who alleges inef-

fectiveness of counsel must show that but for counsel's unprofessional errors, the result of the proceedings would have been different. *People v. Madej* (1985), 106 Ill. 2d 201, 478 N.E.2d 392.

█ Applying the above principles to the instant case, we find significant the fact that the defendant's allegations regarding the competency of his appellate counsel are mere conclusions. His post-conviction petition is devoid of affidavits or supporting memoranda. Furthermore, we note that even if the defendant's appellate counsel was incompetent, he makes no showing that the outcome of the proceedings was affected. We reiterate that the evidence of the defendant's guilt was overwhelming. Accordingly, the trial court properly rejected the defendant's post-conviction claim that appellate counsel was ineffective.

The defendant's third argument on appeal is that he did not receive the effective assistance of trial counsel. He cites numerous instances in which he was allegedly denied the effective assistance of counsel. He contends that his trial counsel failed to interview certain witnesses and failed to impeach others. He further contends that his attorney failed to have him present during the instructions conference, failed to object to tainted identifications, failed to object to certain hearsay testimony, failed to demonstrate to the jury that a codefendant was awaiting trial, and failed to file certain additional pretrial and post-trial motions.

█ Initially, we again note that conclusional allegations concerning the competency of counsel are not sufficient to require a post-conviction hearing. (*People v. Howard* (1981), 94 Ill. App. 3d 797, 419 N.E.2d 702.) When the defendant attacks the competency of his counsel for failing to call or contact witnesses, he must attach affidavits from those witnesses to his post-conviction petition and explain the significance of their testimony. (*People v. Carmickle* (1981), 97 Ill. App. 3d 917, 424 N.E.2d 78.) Errors in judgment or trial strategy do not establish that counsel was ineffective. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677.) Moreover, it is axiomatic that in order to establish that counsel was ineffective, a defendant must show not only that counsel's representation fell below an objective standard of reasonableness, but also that counsel's shortcomings affected the outcome of the proceedings. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Denial of an evidentiary hearing on a post-conviction petition is discretionary with the trial court, and its decision will not be reversed absent an abuse of discretion. *People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 478 N.E.2d 31.

█ In the case at bar, we find that the defendant's allegations

830

did not sustain his burden so as to require an evidentiary hearing. His allegations were either mere conclusions which were not supported by the record and affidavits, or were allegations regarding trial tactics. Further, we find that even if, *arguendo*, counsel did make errors, when the overwhelming evidence of the defendant's guilt is considered, the defendant clearly failed to meet his burden of demonstrating a reasonable probability that but for counsel's errors, the outcome of his trial would have been different.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

WOMBACHER, P.J., and SCOTT, J., concur.